UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD BELL,

        CIVIL ACTION NO.  06-11550

    Plaintiff,

        DISTRICT JUDGE PAUL V. GADOLA

v.

        MAGISTRATE JUDGE DONALD A. SCHEER

JP MORGAN CHASE BANK,
et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION**:

I recommend that Plaintiff's Motion for Judgment on the Pleadings be denied.

**II.**    **REPORT**:

    **A.**    **Procedural History**

Plaintiff's pro se Complaint was filed on March 31, 2006.  Defendants' Answer was filed on April 17, 2006.

On April 28, 2006, plaintiff filed his Motion for Judgment on the Pleadings. Defendant Orlans Associates, P.C. filed its response on May 3, 2006.  Defendant Chase Home Finance, L.L.C. f/k/a JP Morgan Chase Bank filed its response to plaintiff's motion on May 10, 2006.  Plaintiff filed his reply (Response to Defendant(s) Response) on May 5, 2006.

Plaintiff's motion was referred to the magistrate judge for Report and Recommendation.  The motion was brought on for hearing on May 23, 2006.

**B.     Applicable Law and Standard of Review**

Fed.R.Civ.P. 12(c) provides, in pertinent part, that "[a]fter the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings."  The standard of review applicable to a motion for judgment on the pleadings under Rule 12(c) is the same as that for a motion to dismiss under Rule 12(b)(6).  Ziegler v. IBP Hog Market, Inc., 249 F.3d 509, 511-12 (6th Cir. 2001).  "All well pleaded material allegations of the non-moving party's pleadings are taken as true and allegations of the moving party that have been denied are taken as false." Southern Ohio Bank v. Merryl Lynch Pierce Finner and Smith, Inc., 479 F.2d 478, 480 (6th Cir. 1973).  The motion should be granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.  United States v. Moriarty, 8 F.3d 329, 332 (6th Cir. 1993).

**C.     Analysis**

Plaintiff's pro se Complaint is virtually incomprehensible.  Viewing the Complaint in light of the responsive allegations of the defendants' Answer and Affirmative Defenses, it appears that plaintiff was indebted to Defendant JP Morgan Chase Bank on a note secured by a mortgage on real property.  Defendants' initiated foreclosure pursuant to MCL 600.3201 et seq.  Plaintiff alleges in his Complaint that he discharged the debt and redeemed the real estate by the tender of a promissory note.  He appears to contend that Defendants are obliged to accept his note by reason of their failure to affirmatively reject it or otherwise instruct Plaintiff on the proper method of payment.

Defendants' Answer to the Complaint denies each and every factual allegation. In addition, they assert eleven affirmative defenses, including the failure to state a claim upon which relief may be granted. Although the pleadings are closed, Defendants have denied all material allegations of the Plaintiff's Complaint. For purposes of determining Plaintiff's Motion for Judgment on the Pleadings, this Court must deem false all allegations of the Complaint which have been denied. Southern Ohio Bank v. Merryl Lynch Pierce Finner and Smith, Inc., 479 F.2d 478, 480 (6th Cir. 1973). Thus, it is clear that material issues of fact exist in the case, and that Plaintiff has failed to demonstrate that he is entitled to judgment as a matter of law. United States v. Moriarty, 8 F.3d 329, 332 (6th Cir. 1993). Accordingly, I recommend that Plaintiff's Motion for Judgment on the Pleadings be denied.

### III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. Section 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

    Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                s/Donald A. Scheer
                                                DONALD A. SCHEER
                                                UNITED STATES MAGISTRATE JUDGE

DATED: May 25, 2006

_____

### CERTIFICATE OF SERVICE

    I hereby certify on May 25, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on May 25, 2006. **Edward Bell.**

                                                s/Michael E. Lang
                                                Deputy Clerk to
                                                Magistrate Judge Donald A. Scheer
                                                (313) 234-5217